IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Southern Industrial Contractors, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> O'Brien and Gere, Inc. of North America and Western Surety Company, <br><br> Defendants. | Civil Action No. 2:19-cv-1691-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court are Defendants' motion to compel discovery (Dkt. No. 77) and Plaintiff's motion to seal (Dkt. No. 83). For the reasons set forth below, the Court grants in part and denies in part Defendants' motion to compel discovery and denies as moot Plaintiff's motion to seal.

## Background

On January 10, 2020, Defendants served their First Request for Production of Documents on Plaintiff. On September 2, 2020, Defendants served their Second Set of Interrogatories and their Third Set of Requests for Production of Documents on Plaintiff. And on September 29, 2020, Defendants served their Fourth Request for Production of Documents on Plaintiff.

On February 5, 2021, Defendants filed the instant motion to compel discovery. (Dkt. No. 77). Therein, Defendants allege that certain of Plaintiff's responses to the above discovery requests are either deficient or nonexistent. Plaintiff opposes Defendants' motion. (Dkt. No. 82). Relatedly, Plaintiff has filed a motion to seal certain documents which it agrees to produce to Defendants in response to Defendants' motion. (Dkt. No. 83).

The parties' respective motions are fully briefed and ripe for disposition.

## Legal Standard

Pursuant to Fed. R. Civ. P. 37, a party seeking discovery may move for an order compelling

1

an answer, designation, production, or inspection if, inter alia, the party to whom the discovery was directed failed to produce documents or to permit inspection, or respond that inspection will be permitted as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

A party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity. *Buskirk v. Wiles*, No. CV 3:15-03503, 2016 WL 7118288, at *3 (S.D.W. Va. Dec. 6, 2016). First, however, the responding party "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." *Id*. "If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." *Id*.

## Analysis

First, Defendants argue that Plaintiffs have not fully responded to Requests Nos. 3 and 9 from Defendants' First Set of Requests for Production of Documents. In asserting that Plaintiff has not fully responded to these requests, Defendants request that Plaintiff either produce all outstanding responsive documents or "provide a certification" to this Court that all responsive documents have been produced. *See, e.g.*, (Dkt. No. 77 at 3-4) ("If the produced documents are indeed fully responsive to Defendants' Request, Defendants ask the Court to compel SIC to provide a certification of the same."). In response to Defendants' motion, and as it relates to Requests for Production Nos. 3 and 9 from Defendants' First Set of Requests for Production of Documents, Plaintiff provides such a certification. (Dkt. No. 82 at 1-2) ("SIC hereby makes this certification.")

Accordingly, the Court denies as moot Defendants' motion on the above points.

Second, Defendants seek to compel Plaintiff to produce all documents responsive to Request No. 19 from the First Set of Requests for Production of Documents. Request No. 19 asks for "[a]ll daily reports, monthly reports, job cost reports, logs, notes, or any other records or diaries to the Project." (Dkt. No. 77 at 5). Defendants contend that Plaintiff has only provided a "draft" job cost report. Defendants contend that Plaintiff's employee Jose Gonzalez testified that he is aware of "multiple cost reports relating to SIC's performance of work." (*Id.*) (citing (Dkt. No. 77-6 at 6)). Defendants thus ask the Court to "compel [Plaintiff] to provide any and all cost reports responsive to the above Request, including the reports referenced by Mr. Gonzalez, or a certification that such documents do not exist." (*Id.* at 5-6). In response, Plaintiff certifies "that it has produced its job cost reports as maintained during the project." (Dkt. No. 82 at 2).

The Court <u>grants</u> Defendants' motion on the above point. Defendants have put forth evidence sufficient to show that other versions of the relevant "job cost report" may exist. Gonzalez Deposition, (Dkt. No 77-6 at 6) (noting "I sent him a cost report, yes, sir. *One of my cost reports*.") (emphasis added). Considering the deposition testimony cited, Plaintiff's response that it has produced "job cost reports as maintained during the project" does not directly address nor justify Plaintiff's seeming failure to produce other versions of the relevant job cost reports. Accordingly, within ten (10) days of this order, Plaintiff shall provide Defendants with all cost reports created or maintained during Plaintiff's performance of work between July 2018 and April 2019, including the reports referenced by Mr. Gonzalez, or a certification that such documents do not exist.

Third, Defendants argue that Plaintiff has wholly failed to respond to its Second Set of Interrogatories. (Dkt. No. 77 at 6). Defendants request that "this Court . . . compel SIC's full and complete responses." (*Id.*). In its opposition to Defendants' motion, Plaintiff does not contest nor even address Defendants' argument. *See* (Dkt. No. 82).

3

Accordingly, the Court grants Defendants' motion on this point and directs Plaintiff to serve full responses to Defendants' Second Set of Interrogatories within ten (10) days of this Order.

Fourth, Defendants argue that Plaintiff's responses to Requests Nos. 1 and 2 from Defendants' Third Request for Production of Documents are incomplete. (Dkt. No. 77 at 6-7). Request No. 1 asks Plaintiff to identify and produce certain text messages exchanged between Toni Estis and SIC personnel between August 2018 and March 2019.  Request No. 2 asks Plaintiff to identify and produce certain text messages exchanged between Sam Estis and SIC personnel between August 2018 and March 2019.  In response to both requests, Plaintiff stated that it was "not in possession of documents responsive to" these requests "except to the extent previously produced [as] SIC does not maintain text messages exchanged between Toni [or Sam] Estis and any SIC personnel between August 2018 and March 2019" (Dkt. No. 77 at 7) (noting "text messages are routinely discarded shortly after transmission").  Defendants, citing public filings from an unrelated lawsuit involving Plaintiff in Mississippi, *see* (Dkt. No. 77-8 at 4) (order from Mississippi state court granting in part and denying in part a motion to compel filed against Plaintiff and directing Plaintiff to provide defendant with, *inter alia*, "text messages, correspondence, [and] emails"), argue such text messages likely exist, (Dkt. No. 77 at 8) (noting "SIC's Jose Gonzalez . . . testified that he and SIC's Sam and Toni Estis exchanged text messages relating to management of SIC's work); Gonzalez Deposition, (Dkt. No. 77-6 at 3) ("We did send some text[s].") Accordingly, Defendants request that the Court "compel SIC to produce any responsive text messages that may exist and/or provide a certification explaining what text messages were destroyed, and when, so that Defendants can assess whether there was any spoliation." (Dkt. No. 77 at 9).  In response, Plaintiff cites the deposition testimony of Jose Gonzalez wherein Gonzales states the cell phone which he purportedly used to communicate with

4

"[Sam and Toni] Estis" was destroyed by accident. (Dkt. No. 82 at 4-6). Thus, concludes Plaintiff, Defendants' motion expresses nothing more than an unjustified refusal to believe the testimony of Gonzalez. (*Id.* at 4). Additionally, Plaintiff "certifies that it has produced all documents responsive to this request for production of text messages." (Dkt. No. 82 at 6).

The Court grants Defendants' motion on the above points. Defendants have raised concerns regarding potential spoliation of relevant evidence. *See* (Dkt. No. 77 at 6-9). Within ten (10) days of this Order, Plaintiff shall produce to Defendants all documents, including text messages, responsive to Requests Nos. 1 and 2 from Defendants' Third Request for Production of Documents. To the extent Plaintiff claims that no responsive text messages exist, Plaintiff shall provide to Defendants a certification explaining what text messages were destroyed, under what circumstances, and when.

Lastly, Defendants request that Plaintiff produce unaltered copies of any responsive work in progress schedules or audited financials responsive to Request No. 6 from Defendants' Fourth Request for Production of Documents. (Dkt. No. 77 at 10). In response, Plaintiff asserts it "is prepared to produce redacted versions of its audited financial statements from 2018 and 2019." Seemingly to this effect, Plaintiff has filed a motion to seal, (Dkt. No. 83), through which it seeks to file said documents with the Court.

The Court grants Defendants' motion on this point to the extent that, within the next ten (10) days, and to the extent that Plaintiff has not already done so, Plaintiff shall produce the above documents to Defendants in their original and unaltered state. Further, since it not necessary for the parties to publicly file the Plaintiff's audited financial statements at this time, it is unnecessary for the Court to enter an order sealing those records. Consequently, Plaintiff's motion to seal is denied. (Dkt. No. 83). To the extent Plaintiff is concerned with general issues of confidentiality,

the parties may move the Court for the entry of a Confidentiality Order.

## Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to compel (Dkt. No. 77). Defendants' motion is **GRANTED** as it pertains to: (1) Request No. 19 from Defendants' First Set of Requests for Production of Documents; (2) Defendants' Second Set of Interrogatories; (3) Requests No. 1 and 2 from Defendants' Third Request for Production of Documents; and (4) Request No. 6 from Defendants' Fourth Request for Production of Documents. Defendants' motion is otherwise **DENIED. IT IS FURTHER ORDERED** that within **TEN (10)** days of the date of this Order, Plaintiffs will serve supplemental production as detailed herein. Further, Plaintiff's motion to seal, (Dkt. No. 83), is **DENIED.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
United States District Court Judge

March 5, 2021
Charleston, South Carolina