IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Southern Industrial Contractors, LLC, ) | Civil Action No. 2:19-cv-1691-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| O'Brien and Gere of North America ) | |
| and Western Surety Company, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendants O'Brien and Gere of North American and Western Surety Company's (collectively "Defendants") motion to strike the expert report and exclude the expert testimony of Dr. Ashraf Elsayed. (Dkt. No. 74). For the reasons set forth below, the Court denies Defendants' motion.

**I.     Background**

This action arises out of the expansion and renovation of the J.W Aluminum, Inc. aluminum processing facility located in Goose Creek, South Carolina (the "Project"). Defendant O'Brien Gere of North America ("OBG") served as the engineering, procurement, and construction contractor for the Project. In August 2018, OBG allegedly hired Plaintiff Southern Industrial Contractors, LLC ("SIC") as its subcontractor to perform concrete foundation work on the Project. (Dkt. No. 74-1 at 2). According to Defendants, in September 2018, SIC "contracted with OBG to perform additional scopes of work, including the excavation and shoring required to construct the deep foundation for a new Rolling Mill building." (*Id.*) In performing this work, SIC allegedly "engaged Dr. Ashraf Elsayed of Geotechnology, Inc., a geotechnical engineer, to provide a design for a shoring system that would allow SIC to brace the surrounding soil as it excavated

-1-

the foundation pit." (*Id.*)  Dr. Elsayed provided SIC with a report (the "Report")—dated October 18, 2018—which, according to Defendants, "provided geotechnical information and subsurface conditions and a design for the bracing system, including necessary materials and a construction sequence." (*Id.* at 2-3).  Defendants allege OBG "opted not to move forward with SIC and Dr. Elsayed's proposed design because OBG determined that the originally-conceived exterior bracing system would have less interference with the design and construction of the concrete that would be poured in the foundation pit to form the foundations." (*Id.* at 3). Defendants thus "allege[] in this action that SIC's provision of Dr. Elsayed's design behind schedule and with interior rather than exterior bracing contributed to Project delays that caused OBG to incur unanticipated costs." (*Id.* at 2-3).

On June 12, 2019, Plaintiff initiated this lawsuit against Defendants for non-payment of work done on the Project. (Dkt. Nos. 1 & 10).  Defendants, in pertinent part, filed a counterclaim seeking damages for alleged SIC-caused delays and inefficiencies. (Dkt. No. 50 at 24-25).

Under the Second Amended Scheduling Order, Plaintiff's expert disclosures were due on or by October 10, 2020 and Defendants' expert disclosures were due on or by October 28, 2020. (Dkt. No. 43). On October 9, 2020, Plaintiff disclosed its respective expert.  On October 28, 2020, Defendants disclosed their respective experts.  On November 27, 2020, Plaintiff disclosed Dr. Elsayed as an additional expert and attached a copy of the Report. (Dkt. No. 74-3).

On January 19, 2021, Defendants moved to exclude the testimony of Dr. Elsayed. (Dkt. No. 74).  Defendants argue that Dr. Elsayed's expert disclosure does not comply with Fed. R. Civ. P. 26(a)(2)(B) or is, in the alternative, untimely.  Plaintiff opposes Defendants' motion. (Dkt. No. 81).  Defendants have filed a reply. (Dkt. No. 87).

Defendants' motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Local Civil Rule 16.02(D)(2) provides that witnesses identified in the last twenty-eight days of the discovery period are presumed to be untimely identified, absent a showing of good cause.

"[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Thus, the district court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless. *Id.* at 597. "[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.*

**III.    Discussion**

Defendants first move to strike Dr. Elsayed and his testimony on the basis that Plaintiff's respective disclosure does not conform to the requirements of Rule 26(a)(2)(B).

Rule 26(a)(2) provides for two different types of disclosure of expert opinions. Rule 26(a)(2)(B) requires experts who are "retained or specially employed to provide expert testimony in the case or ... whose duties as the party's employee regularly involve giving expert testimony" to disclose an extensive expert report. Rule 26(a)(2)(C) requires experts who are not so retained or

employed to provide a more summary disclosure of the witness's expected testimony. Rule 26(a)(2)(C) was added to Rule 26 in 2010. The committee notes explain:

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.
>
> This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).
>
> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.

Rule 26(a)(2)(C) witnesses "typically are treating physicians or party employees, but the rule is not confined to such witnesses." *See United States v. 269 Acres More or Less, Located in Beaufort County South Carolina*, No. 9:16-cv-2550-RMG, 2018 WL 542225, at *2 (D.S.C. Jan. 24, 2018).

Here, Defendants admit the Report was drafted in 2018 and in direct relation to the Project. Defendants argue, nevertheless, that Plaintiff "is obligated to provide an expert report for Dr. Elsayed because he was retained specifically to provide expert testimony in this case." (Dkt. No. 74-1 at 4-6). For its part, Plaintiff argues, and Defendants do not substantially dispute, that "the adequacy of Dr. Elsayed's design [is] raised through OBG's affirmative counterclaim, not through SIC's claims" and that Plaintiff is offering Dr. Elsayed's testimony as rebuttal evidence to Defendants' counterclaim. (Dkt. No. 81 at 3-4).

The Court rules that Dr. Elsayed is not required to produce a Rule 26(a)(2)(B) report. As noted *supra*, Plaintiff retained Dr. Elsayed as a rebuttal witness for Defendants' counterclaims

against Plaintiff. (Dkt. No. 81 at 3-4). Defendants do not substantially dispute this assertion and provide only conclusory arguments to the contrary. *See Compass Bank v. Eager Rd. Assocs., LLC*, No. 4:12CV1059JCH, 2013 WL 5786634, at *4 (E.D. Mo. Oct. 28, 2013) (noting that a "retained or specialty expert is 'an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony'" and that a "non-retained expert is one whose testimony arises from his or her involvement in events giving rise to the litigation"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 981 (W.D. Ky. 2017) ("FIMCO's witnesses base all of their testimony on 'firsthand knowledge of activities they were personally involved in before the commencement of the lawsuit.'. . . FIMCO's experts did not perform 'after-the-fact' evaluations; rather, they were asked to give opinions based upon their existing knowledge and experience in the agricultural industry. Accordingly, the Court agrees that FIMCO's witnesses were not subject to the expert report requirements of Rule 26(a)(2)(B)."). In sum, the Court finds that Dr. Elsayed is not subject to Rule 26(a)(2)(B)'s disclosure requirements and declines to exclude Dr. Elsayed's testimony based on noncompliance with Rule 26(a)(2)(B).[1]

Second, and lastly, Defendants argue that Plaintiff's disclosure of Dr. Elsayed as an expert was untimely. Plaintiff counters that, under Rule 26(a)(2)(D)(ii), Dr. Elsayed's designation as a rebuttal expert and witness was timely.

The Court finds that Plaintiff's disclosure of Dr. Elsayed was timely. Under Rule 26(a)(2)(D)(ii), Plaintiff's November 27, 2020 disclosure of Dr. Elsayed as a rebuttal witness was

---

[1] In their reply brief, Defendants argue, for the first time, that SIC's disclosure of Dr. Elsayed is improper even if considered under Rule 26(a)(2)(C). (Dkt. No. 87 at 3). As this argument was not raised in Defendants' opening brief, the argument is deemed waived and the Court will not consider it. *Brown v. City of Charleston,* No. 2:11–cv–00466–DCN, 2013 WL 4499138, at *5 n. 3 (D.S.C. Aug. 20, 2013) ("Arguments raised for the first time in a reply brief are normally deemed waived.") (citing *Moseley v. Branker,* 550 F.3d 312, 325 n. 7 (4th Cir. 2008)).

timely since it was within 30 days of Defendant's October 28, 2020 expert disclosure. See *Nelson v. Warner*, No. 3:19-cv-0898, 2020 WL 4043630, at *1 (S.D.W. Va. July 17, 2020) ("If the court has not set an alternative deadline, Rule 26(a)(2)(D)(ii) requires the party to disclose this rebuttal testimony 'within 30 days after the other party's disclosure.'").

## IV.     Conclusion

For the foregoing reasons, Defendants' motion to strike the expert report and exclude the expert testimony of Dr. Ashraf Elsayed (Dkt. No. 74) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

April 1, 2021
Charleston, South Carolina

-6-