# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Southern Industrial Contractors, LLC, ) | Civil Action No. 2:19-cv-1691-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| O'Brien and Gere of North America ) | |
| and Western Surety Company, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendants O'Brien and Gere of North American and Western Surety Company's (collectively "Defendants") motion to exclude the expert opinions and testimony of Michael R. Jaspers. (Dkt. No. 80). For the reasons set forth below, the Court denies Defendants' motion.

I. **Background**

This action arises out of the expansion and renovation of the J.W Aluminum, Inc. aluminum processing facility located in Goose Creek, South Carolina (the "Project"). Defendant O'Brien Gere of North America ("OBG") served as the engineering, procurement, and construction contractor for the Project. Plaintiff Southern Industrial Contractors, LLC was an OBG subcontractor which performed certain work on the Project.

Plaintiff has disclosed Mr. Michael R. Jaspers to provide expert opinions with respect to various delays and impacts to the Project.

On December 1, 2020, all parties agreed to a bench trial, (Dkt. No. 66), which is scheduled to begin on April 26, 2021, (Dkt. No. 67).

On February 12, 2021, Defendants moved to exclude Jaspers' testimony. (Dkt. No. 80). Plaintiff opposes Defendants' motion. (Dkt. No. 88).

Defendants' motion is fully briefed and ripe for disposition.

## II.    Legal Standard/Analysis

Generally speaking, Defendants argue that Jaspers' testimony should be excluded because: (1) Jasper, in forming his expert opinions, fails to consider all the evidence available to him; (2) Jasper includes, in his expert reports, several "unreliable" "conclusory statements"; and (3) Jasper improperly offers legal conclusions. *See* (Dkt. No. 80)

> Federal Rule of Evidence 702 provides:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court interpreted Rule 702 as placing the court in a "gatekeeping role" between expert evidence and the trier of fact. 509 U.S. 579, 589, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) (holding that *Daubert* applies to all forms of expert evidence). However, "[t]he gatekeeping function of the court is relaxed where a bench trial is to be conducted, as in this case, because the court is better equipped than a jury to weigh the probative value of expert evidence." *Traxys N. Am., LLC v. Concept Mining, Inc.,* 808 F.Supp.2d 851, 853 (W.D. Va. 2011). "The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial," *Deal v. Hamilton*

*Cnty. Bd. of Educ.,* 392 F.3d 840, 852 (6th Cir. 2004), because "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself," *United States v. Brown,* 415 F.3d 1257, 1269 (11th Cir. 2005).

The Court finds Defendants' objections to Jaspers' testimony irrelevant to a bench trial. *See Bishop of Charleston v. Century Indem. Co.*, 225 F. Supp. 3d 554, 567 (D.S.C. 2016) (rejecting similar objections to an expert's testimony in the context of a bench trial). Defendants can challenge the relevance and reliability of Jaspers' opinions at trial. *See id.* "The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony." *In re Zurn Pex Plumbing Prod. Liab. Litig.,* 644 F.3d 604, 613 (8th Cir. 2011). In this case, there will be no jury to sway. Defendants' motion to exclude Jaspers' testimony is denied.

### III.    Conclusion

For the foregoing reasons, Defendants' motion to exclude the expert opinions and testimony of Michael R. Jaspers (Dkt. No. 80) is **DENIED.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

April 2, 2021
Charleston, South Carolina